Nicholas Sayegh, Appellant, *v.* Toofic Debany, Respondent.

Second Department, January 22, 1926.

Malicious prosecution — plaintiff was charged with larceny — evidence shows that plaintiff took goods openly under claim of title and under advice of counsel and at time of taking was accompanied by policemen — error to dismiss complaint on ground that defendant had probable cause for arrest.

In an action for malicious prosecution based on illegal arrest of the plaintiff on a charge of larceny, it was error for the court to dismiss the complaint on the ground that as matter of law defendant had probable cause for making the arrest, since it appears that the plaintiff took the goods in question openly, under a claim of title thereto, on the advice of counsel, and that he was accompanied by two policemen at the time the goods were taken.

Appeal by the plaintiff, Nicholas Sayegh, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 13th day of May, 1925, upon the dismissal of the complaint at the close of plaintiff's case.

*Frank W. Holmes,* for the appellant.

*Gerald B. Rosenheim* [*Robert P. Levis* with him on the brief], for the respondent.

Kelly, P. J. We think it was error for the learned trial justice to decide as matter of law that there was probable cause for the charge of grand larceny preferred by defendant against the plaintiff. The plaintiff, on September 13, 1921, in removing the goods which were the subject of the charge of crime, took them openly and avowedly under a claim of title apparently made in good faith under the advice of a lawyer and after consulting the police authorities, who detailed two policemen to supervise and who did supervise the removal of the goods by the plaintiff. The plaintiff immediately — the next morning — notified the defendant that he had removed the goods and gave him his reasons good or bad. He arranged for a meeting the same evening with the defendant. When he went to the meeting the defendant appeared with two new police officers and, despite the fact that plaintiff returned the property, ordered his arrest, and plaintiff was arrested without a warrant by the two policemen for the removal of the goods by the plaintiff the night before under the supervision of the two original police officers. When plaintiff was discharged by the magistrate on the hearing, defendant threatened that notwithstanding the discharge he would send plaintiff to State prison, and we find plaintiff indicted a month later for the same

transaction, with the defendant again appearing against him and a second acquittal by direction of the county judge. The learned trial justice dismissed the complaint because in his opinion the agreement between plaintiff and defendant did not constitute a partnership; that plaintiff, who had invested $4,000 in defendant's business, was simply an employee and had no right to remove the goods. Thereafter the learned justice said as matter of law that defendant had probable cause for charging plaintiff with the crime of grand larceny. But if plaintiff took the property openly and · avowedly under a claim of title preferred in good faith it was a sufficient defense to the charge of larceny even though his claim was untenable. (Penal Law, § 1306.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.